# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

FRANK K. C. HERTEL, SR.,

        Petitioner,    :    Case No. 2:19-cv-1205

- vs -                    District Judge George C. Smith
                                    Magistrate Judge Michael R. Merz

DAVE YOST, Attorney General,
  State of Ohio,

                                :

        Respondent.

## REPORT AND RECOMMENDATIONS

        This habeas corpus case, brought *pro se* by Petitioner Frank K.C. Hertel, Sr., pursuant to 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss the Petition as barred by the statute of limitations (ECF No. 12). Petitioner opposes the Motion (ECF No. 16). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District, but remains assigned to District Judge Smith for final disposition (ECF No. 15).

        Petitioner is presently incarcerated in Arizona, not Ohio. Under those circumstances, Respondent's counsel suggests the proper Respondent is Dave Yost, Ohio's Attorney General. Accordingly, Attorney General Yost is substituted for the State of Ohio as the Respondent and the caption is amended as set forth above.

**The Motion to Dismiss**

Respondent argues that the one-year statute of limitations in 28 U.S.C. § 2244(d) began to run on December 15, 2015, the last date on which he could have sought direct review by the United States Supreme Court. (Motion, ECF No. 12, PageID 1510). It would have expired one year later on December 16, 2016, but for the fact that Hertel had filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B) on June 22, 2015, which was not finally disposed of until the Supreme Court of Ohio declined appellate jurisdiction on February 10, 2016. This extended Hertel's deadline until February 11, 2017. *Id.* at PageID 1512. Although Hertel filed a number of other actions in both state and federal court after February 10, 2016, Respondent asserts none of them tolled the statute of limitations.

Hertel avers that he deposited his Petition in the Arizona prison mail system on March 26, 2019 (ECF No. 1-1, PageID 30). That is deemed to be the date of filing. An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

By Respondent's calculation, then, Hertel's Petition was filed more than two years late and should be dismissed as untimely.

**Petitioner's Opposition**

Hertel opposes the Motion on six bases:

1. "The State misapprehended the date of conclusion of state direct review, making the instant petition timely under § 2244(d)(1)(A)."

2. "Mr. Hertel's finding of the factual predicates of his claims make the instant petition timely under § 2244(d)(1)(D)."

3. "The State of Ohio's failure to provide effective counsel, an Ohio law library, and/or a paralegal certified in Ohio created an impediment, making the instant petition timely under § 2244(d)(1)(B) when that impediment was overcome."

4. "Extraordinary circumstances exist to toll time."

5. "Mr. Hertel is actually innocent of being a Tier III sex offender."

6. "Mr. Hertel's claims relate back to a common core of operative facts previously argued in timely Habeas 2:16-cv-435, not barring him from relief on untimely claims."

(Response, ECF No. 16, PageID 1535.)

These six defenses are considered in turn.

**1. Expiration of Direct Review**

Hertel argues that, as part of his plea agreement, he preserved a right to appeal consecutive sentences under Ohio Revised Code § 2953.07(C). *Id.* at PageID 1536. While he did not raise that claim on his first direct appeal, he raised in a second direct appeal commenced with his appellate brief of September 12, 2018. Hertel acknowledges that he was unsuccessful in that appeal and that the Supreme Court of Ohio declined appellate jurisdiction on April 3, 2019. *Id.*

The State Court Record includes Hertel's September 12, 2018, Brief in which he asserts he is brining an appeal of right from judgment entries of the Delaware County Court of Common Pleas of June 14, 2018, "as well as leave to appeal consecutive sentences pursuant to R.C. 2953.08(C) incorporated into Appeal as of Right under Ohio Rule of Appellate Procedure 5(D)(2)." (State Court Record, ECF No. 11-3, PageID 1320). However, the State Court Record contains no entry indicating the Fifth District Court of Appeals granted Hertel a delayed appeal from his consecutive sentences. Instead, the court decided his appeal without discussing the consecutive sentences issue, treating it solely as an appeal from the Common Pleas Court's dismissal of his state petition for habeas corpus. *State v. Hertel,* 2018-Ohio-5002 (5th Dist. Dec. 12, 2018), appellate jurisdiction declined, 2019-Ohio-1205. To the extent the court discussed issues that were raised on the prior direct appeal (assignments of error three and four), it found they were barred by the Ohio doctrine of *res judicata. Id.* at ¶¶ 21-27.

While Hertel is correct that the granting of a delayed direct appeal by an Ohio courts of appeals will postpone the finality of a conviction, he points to no Ohio law (and none is known to the undersigned) which authorizes a delayed direct appeal after a timely direct appeal has been taken. Hertel's first defense of the timeliness of his Petition is not well taken.

**2.     Late Discovery of Factual Predicates**

In his second defense of timeliness, Hertel relies on 28 U.S.C. § 2244(d)(1)(D) which provides that the statute of limitations will run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Hertel claims this Court "by not rejecting Mr. Hertel's instant petition pursuant to Rule 4 established" a number of facts when it did not dismiss his case under Rule 4. Upon consideration of the Petition under Rule 4 of the Rules Governing § 2254 Cases, Magistrate Judge Vascura concluded that "it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court." (ECF No. 3, PageID 427-28.) An Order for Answer under Rule 4 is not a judgment and does not imply any findings of fact. Rather, it is a gateway to further development of the case; without such an order, the State's Attorney General is not required to file anything. The Rule codifies the provisions of 28 U.S.C. § 2243. Under that statute, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the Respondent by ordering an unnecessary answer." Advisory Committee Note to adoption of Rule 4 in 1976, citing *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970). In issuing the Order, Magistrate Judge Vascura did not depart from the text of the Rule or purport to make any findings of fact.

Moreover, the "facts" Hertel claims were established by the Order for Answer are not "factual predicates" of his claims as required by § 2244(d)(1)(D). Instead, they are legal conclusions. For example, Hertel claims that the Ruel 4 Order made him aware that "retroactive application of SORA to Mr. Hertel violated *ex post facto* and double jeopardy." (Response, ECF No. 16, PageID 1542.) Hertel knew when it happened[1] to him that SORA had been applied retroactively to him. That he learned later that such application may be unconstitutional is the discovery of a legal proposition, not of a factual predicate. See *Earls v. Hernandez,* 403 F.Supp.2d 985 (C.D. Cal. 1985); see also the distinction between factual and legal innocence made by justice Scalia in *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998).

---

[1] The Magistrate Judge assumes, without researching the question, the truth of Hertel's predicate, to wit, that SORA was applied to him retroactively.

Hertel's second defense of the timeliness of his Petition is without merit.

### 3. Ohio's Failure to Furnish Legal Resources

In his third defense of the timeliness of his Petition, Hertel relies on § 2244(d)(1)(B) and asserts that the failure of Ohio and Arizona to provide him, in the Arizona prison where he is now incarcerated, with Ohio statutes, case law, or rules of court or an Ohio certified paralegal. These are said to be state-created impediments to his filing. However, the Sixth Circuit has held that *pro se* status and lack of knowledge of the law do not excuse a late filing. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452 (6th Cir. 2012); see also *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

Hertel also claims ineffective assistance of trial counsel and ineffective assistance of appellate counsel in other proceedings in his case is a state-created impediment to filing (Response, ECF No. 16, PageID 1551-54). While ineffective assistance of counsel can excuse a procedural default in a particular state court proceeding in which one has the constitutional right to effective assistance, Hertel cites no case law and the Magistrate Judge is not aware of any case law which would allow a petitioner to excuse the late filing of a petition because of ineffective assistance of counsel in another part of the case. In any event, before one can rely on ineffective assistance, one must submit that claim to the state courts in a proper manner. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Hertel's third defense of the timeliness of his Petition is also without merit.

### 4. Extraordinary Circumstances

In his fourth defense of the timeliness of his Petition, Hertel relies on purportedly extraordinary circumstances. He cites first the lack of Ohio legal resources in his Arizona prison which are mentioned in defense two above. Most of the other extraordinary circumstances on which he relies relate to the fact that the offenses in suit happened many years ago. He omits to note that he fled the country and had to be extradited from Germany to face the charges both in Ohio and Arizona. Being a fugitive from justice does not constitute an excusing extraordinary circumstance. Hertel's fourth defense of timeliness is unavailing.

### 5. Actual Innocence of Being a Tier Three Sex Offender

In his fifth defense of the timeliness of his Petition, Hertel asserts he is actually innocent of being a Tier III sex offender.

In the Motion *sub judice*, the Attorney General anticipated this actual innocence claim and argued that the relevant precedent required proof of actual innocence of the underlying crime (Motion, ECF No. 12, PageID 1526-28, citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Hertel relies on *Doe v. Snyder,* 834 F.3d 696 (6th Cir. 2016). In that case the circuit court held that the 2006 and 2011 amendments to the Michigan Sexual Offender Registration Act imposed punishment on those subjected to them and therefore could not be applied retroactively because of the Ex Post Facto Clause.

It is unclear what relevance Hertel believes *Doe v. Snyder* has to this case. It was not a habeas corpus case but was brought under 42 U.S.C. § 1983 and it does not discuss any statute of

limitations issues. If Hertel's point is that he is in the same situation as the *Snyder* plaintiffs and SORA amendments have been unconstitutionally applied retroactively to him, that also does not speak to the statute of limitations question. If what Hertel means to assert is that he is actually innocent of being a Tier III sex offender because of *Snyder*, that is legal innocence, not factual innocence per the distinction in *Bousley*.

Hertel's fifth defense of the timeliness of his Petition is also unavailing.

**6.     Relation Back**

Hertel's sixth defense of the timeliness argues that the claims made in his Petition relate back to the claims made in his prior habeas corpus case because they arise from the same common core of operative facts (Response, ECF No. 16, PageID 1563-64, relying on *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

*Mayle* is of no assistance to Hertel. In that case the Supreme Court held that an amendment to a habeas petition which relied on the same common core of operative facts. But what Hertel proposes is an entirely new petition, not an amendment to his prior petition. District Judge Graham dismissed the prior case, Case No. 2:16-cv-435, with prejudice on May 5, 2017, and that judgment has remained final.

Hertel's sixth defense of timeliness is also without merit.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Dismiss be granted and the Petition herein be dismissed with prejudice as untimely filed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 4, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).